# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1999 SESSION

FILED

March 14, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. W1999-01067-CCA-R3-CD |
| **Appellee** | * | SHELBY COUNTY |
| **VS.** | * | Hon. John P. Colton, Jr., Judge |
| **PAMELA HOPPER,** | * | (Denial of Probation) |
| **Appellant.** | * | |

For Appellant

A. C. Wharton, Jr.
Public Defender

Latonya Burrow
(At Hearing)
Walker Gwinn
(On Appeal)
Assistant Public Defenders
201 Poplar Avenue, Ste. 201
Memphis, TN 38103-1947

For Appellee

Paul G. Summers
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Daniel R. Woody
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103-1947

OPINION FILED:

AFFIRMED

NORMA McGEE OGLE, JUDGE

**OPINION**

Defendant, Pamela Hopper, appeals the Shelby County Criminal Court's order denying her probation following her guilty plea to theft over $10,000. After our review of the record, we conclude the trial court did not err in denying probation. We affirm the judgment of the trial court.

**I.  Procedural Issues**

Preliminarily, the state raises three procedural issues seeking a dismissal of the appeal.  The state contends (1) defendant did not timely file her notice of appeal; (2) the trial court was not authorized to entertain a petition for probation after the judgment became final; and (3) defendant waived her right to appeal upon entry of her guilty plea.  We reject the state's contentions.

The record reflects that the defendant pled guilty to theft over $10,000 on November 5, 1998.  Although the petition for entry of the guilty plea does not reflect an agreed sentence of six years, the transcript of the guilty plea reveals that the parties agreed to a six-year sentence with the trial court to determine at a later date whether the defendant should be granted a suspended sentence.  The petition for entry of the guilty plea reflects the standard form language for plea agreements in which the defendant waives her right to appeal.

The suspended sentence hearing was held on January 4, 1999.  At the conclusion of the hearing, the trial court orally denied probation.  The judgment is indeed confusing since there is no stamped filed date by the clerk's office.  At one place on the judgment a hand-written date of entry is shown to be November 5, 1998, whereas in two other locations on the judgment the hand-written dates of entry are shown to be January 4, 1999.  A separate "Sentence Order" was also entered on January 4, 1999, reflecting a sentence of six years with a jail report date of February 15, 1999.

2

Firstly, we conclude the date of entry of the judgment was indeed January 4, 1999, which was clearly the intent of the trial court. The notice of appeal filed January 27, 1999, was timely.

Secondly, since we have concluded that the entry of final judgment was January 4, 1999, we also reject the state's contention that judgment had become final for more than thirty days prior to the probation hearing. We also note that even if the judgment had become final on November 5, 1998, the trial court still had jurisdiction and authority to entertain a request for a suspended sentence. The trial court may entertain such a petition at any time prior to the defendant being transferred to the physical custody of the Department of Correction. *See* Tenn. Code Ann. §§ 40-35-212; 40-35-314(c).

Finally, we reject the state's argument that defendant waived her right to appeal upon entry of her guilty plea. The state does correctly note that the petition to enter the guilty plea contains the standard waiver of appeal language utilized with plea agreements. This Court has previously noted that the use of this form language in cases in which there is not a total plea agreement is a recurring problem. *See* State v. Carter, 986 S.W.2d 596, 597 (Tenn. Crim. App. 1998). However, just as in Carter, the transcript of the guilty plea hearing clearly reveals that the defendant intended to seek probation at the subsequent hearing. There is no indication that she waived her right to appeal the trial court's ruling at that future hearing. Accordingly, we reject the state's contention.

## II. Facts

Defendant was employed by the victim, Iskiwitz Metal Company, Inc., as its cashier/office manager in January 1997. One of her first responsibilities was to investigate thefts allegedly committed by her predecessor. Within a month of her employment, defendant began systematically stealing from the victim in substantial

amounts. Based upon her computer skills, she created dummy documents and false transactions in order to allow her to take cash from the cash register. Over the course of 4½ months before her detection, she created some 140 false transactions and stole approximately $156,000.

Defendant testified that she purchased an automobile for $18,000 and gave approximately $80,000 to her boyfriend's aunt. Shortly prior to arrest, the defendant purchased a computer. At no time did she offer the computer to the victim after her arrest. The record is silent as to what happened to the balance of the $156,000. Of the $156,000, the defendant made no money available to the victim after her arrest. She did agree to convey title to the vehicle to the victim. Although she later considered transferring title to her boyfriend, she finally conveyed title to the victim approximately six months after her arrest. The victim sold the vehicle for $17,000.[1] After her arrest, appellant unabashedly wrote the victim asking for four day's wages for which she had not been paid. At no time did the defendant exhibit any efforts to apologize to the victim or otherwise show remorse.

At the time of sentencing, the defendant had no prior criminal record. The defendant stated at the time of her stealing she was aware of the seriousness of her actions; understood she could go to jail if detected; had no particular reason to embezzle such large sums; and conceded her criminal actions were based upon "greed." At the time of sentencing, she had no funds and offered to pay $100 per month toward restitution.

At the sentencing hearing the trial court noted its astonishment at the magnitude of the thefts committed for no apparent reason other than greed. The trial court noted the seriousness of the offense which involved approximately 140 separate fraudulent transactions amounting to over $150,000. He further noted the

---

[1] The victim also received $50,000 from its theft insurance carrier.

4

defendant had shown no remorse and concluded that probation would be inappropriate.

### III.  Analysis

Defendant contends the trial court erred in denying her probation.  This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.  Tenn. Code Ann. § 40-35-102(6).  We note that although the defendant was allowed to plead guilty to the Class C felony of theft over $10,000, the undisputed proof reflects that the amount of the theft was over $150,000.  Theft over $60,000 is a Class B felony.  Nevertheless, defendant is presumed to be a favorable candidate for alternative sentencing since the state allowed her to plead to the Class C felony.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169.

Although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); *see* Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining a defendant's suitability for total probation, the trial court may properly consider credibility, remorse, and candor as they reflect upon potential for rehabilitation. *See* Tenn. Code Ann. § 40-35-103(5); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). It is apparent that the trial judge, who was in a much better position than this Court to judge the defendant's overall demeanor, was unimpressed by the defendant's post-arrest conduct and lack of remorse.

Given the presumption of correctness that we attach to the trial court's findings, we are unable to conclude the trial court erred in denying probation. The circumstances of the offense, lack of remorse by the defendant and the entire record convinces us that the defendant has failed to establish that her sentence was improper. Accordingly, we find no merit to the issue.

## Conclusion

We, therefore, affirm the judgment of the trial court.

6

_____
Norma McGee Ogle, Judge

**CONCUR:**

_____
Gary R. Wade, Presiding Judge


_____
John Everett Williams, Judge