IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. JAMES MALCOM DAVIS

**Direct Appeal from the Criminal Court for Wayne County**
**No. 11345      Stella L. Hargrove, Judge**

---

**No. M2000-00089-CCA-R3-CD - Decided June 30, 2000**

---

The defendant appeals his sentence for driving under the influence first offense, a Class A misdemeanor. He entered an open plea of guilty and received a sentence of 11 months and 29 days, with 120 days to be served in confinement and the remainder to be served on supervised probation. The defendant argues the trial court erred in requiring him to be confined for 120 days. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J. delivered the opinion of the court, in which TIPTON, J. and GLENN, J. joined.

Claudia S. Jack, District Public Defender; and Robert H. Stovall, Jr., Assistant District Public Defender, Columbia, Tennessee, for the appellant, James Malcom Davis.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe , Assistant Attorney General; T. Michael Bottoms, District Attorney General; J. Douglas Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant drove his car over an embankment. Approximately two hours later, his vehicle was discovered and emergency personnel were dispatched to the scene. Tennessee Highway Patrolman Thomas Kilpatrick testified that he observed numerous beer bottles at the scene, but was unable to conduct a field sobriety test because emergency personnel were already preparing to transport the defendant to the hospital. However, Trooper Kilpatrick followed the ambulance to the hospital and obtained the defendant's permission to take blood and urine samples. The lab report from the Tennessee Bureau of Investigation revealed the defendant's blood alcohol content was .08%, and the urinalysis indicated the presence of five different drugs in the defendant's system, including marijuana.

The defendant was indicted for driving under the influence first offense and reckless driving. He entered an open plea of guilty to driving under the influence and was sentenced to 11 months and

29 days with 120 days to be served in confinement and the remainder to be served on supervised probation.

At the sentencing hearing, the defendant claimed another person by the name of James Malcom Davis committed some of the traffic offenses on his record. Furthermore, the defendant asserted the drugs in his system were prescription drugs for back pain and claimed he had smoked the marijuana a few weeks prior to the accident.

In setting the defendant's sentence, the trial court found the defendant had an extensive record of driving offenses spanning eight states, including two prior convictions for driving under the influence and two convictions for driving on a revoked license. Furthermore, the trial court found the defendant was not credible and that he previously failed to appear for trial in this matter. The trial court determined the sentence was necessary to avoid depreciating the seriousness of the offense.

## STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

## ANALYSIS

The defendant does not challenge the length of his sentence. However, he claims the trial court inappropriately sentenced him to 120 days of confinement and requests that this court reduce his confinement to 45 days.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the trial court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). Misdemeanor sentencing is controlled by Tenn. Code Ann. § 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995).

Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). Furthermore, the trial court has more flexibility in misdemeanor sentencing than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998).

In the instant case, the trial court found the defendant had an extensive history of convictions for driving offenses, including two prior convictions for driving under the influence and two convictions for driving on a revoked license. The prior record of the defendant justified the required 120 days of confinement.


## CONCLUSION

We find the trial court appropriately applied the principles of sentencing to arrive at a proper sentence. Thus, the judgment of the trial court is affirmed.