IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## STATE OF TENNESSEE v. MICHAEL JOSEPH COOK

**Appeal from the Circuit Court for Obion County**
**No. I-43    William B. Acree, Jr., Judge**

---

**No. W2001-01539-CCA-R3-CD  - Filed March 5, 2002**

---

The Defendant, Michael Joseph Cook, was convicted of driving under the influence, second offense. The trial court sentenced him to 11 months and 29 days and required him to serve six months of that sentence in the local jail. On appeal, the Defendant contends that (1) the evidence was insufficient to establish guilt beyond a reasonable doubt and (2) the trial court improperly sentenced the Defendant. We affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Clifford K. McGown, Waverly, Tennessee; Joseph P. Atnip, Dresden, Tennessee, for the appellant, Michael Joseph Cook.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 14, 2000, the Defendant and some friends began drinking around 6:30 p.m. The group drank beer outside a service station and at a local bar until approximately midnight, when they, among others, began to loiter outside a local convenience store. The Defendant stated at trial that during the course of the evening he consumed seven beers. However, he claimed that the last beer he consumed was at approximately 10:30 p.m. As a lark, someone took the Defendant's truck and moved it to a parking spot a short distance away from the convenience store. The Defendant became angry and began to walk home. He then saw where his truck was parked, got in, and drove off. At approximately 1:00 a.m., some fifteen minutes later, witnesses saw the Defendant enter the convenience store parking lot at 50 to 60 miles per hour. William Riddle testified at trial that the

Defendant looked intoxicated. The Defendant lost control of his truck as he roared through the parking lot and collided with the truck in which Mr. Riddle and his fiancé sat.

When State Trooper Kevin Curtis arrived on the scene, the Defendant was still in his truck, and the trooper noticed the Defendant smelled strongly of alcohol and was unsteady exiting the truck. The Defendant told the trooper that he did not wish to perform any field sobriety tests, but he would take a breath analysis test at the police station. According to the trooper, the defendant "said he didn't want to take any field sobriety tests, he'd had too much, he just wanted to go on to jail." Trooper Curtis observed the Defendant for 20 minutes at the jail and then administered the breath test. The Defendant's alcohol level was .18.

At trial, the Defendant contended that he was not intoxicated, but "lost his temper," sped through the parking lot, and was unable to control his vehicle. The Defendant argued that the breath analysis test was in error.

**SUFFICIENCY**

The Defendant first contends that the evidence does not establish guilt beyond a reasonable doubt. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

Tennessee Code Annotated section 55-10-401 provides that

(a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:

> (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or
> (2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more.

Tenn. Code Ann. § 55-10-401.[1]

The Defendant testified at trial that he had consumed approximately seven beers on the evening of the accident. Mr. Riddle testified that the Defendant drove his truck into Mr. Riddle's truck. Mr. Riddle and State Trooper Curtis both testified that the Defendant appeared to be intoxicated. Furthermore, the breath analysis test showed that the Defendant's breath alcohol concentration was .18 percent. The Defendant testified at length, explaining to the jury that he was angry at the time he lost control of his vehicle, but not intoxicated. The jury clearly did not find him to be a credible witness.

Accordingly, we find sufficient evidence to support the Defendant's convictions.

## SENTENCING

The Defendant also contends that the trial court's sentence was too harsh. Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. See Tenn. Code Ann. § 40-35-302(a). The trial court retains the

---

[1]The jury found the Defendant guilty of violating both subsection (1) and subsection (2). The trial judge merged the convictions into one violation of Tenn. Code Ann. §§ 55-10-401(a)(1).

authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Id. § 40-35-302(e).

The trial court sentenced the Defendant to serve six months and remain on probation for the remainder of his eleven month and twenty-nine day sentence. The trial court found no mitigating factors. Three enhancement factors were noted by the trial court: the offense involved more than one victim; the defendant had no hesitation about committing a crime when the risk to human life was high; and the crime was committed under circumstances under which the potential for bodily injury to a victim was great. The record clearly supports the trial court's finding that the circumstances of the offense were quite serious and the Defendant's conduct was particularly aggravated. We conclude that the trial judge acted within his discretionary authority in ordering the Defendant to serve six months in confinement. Accordingly, we find no error in the trial court's sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE