IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. MARVIN W. HILL, JR.

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-9577, C-9582, C-12035 and C-12231     D. Kelly Thomas, Jr., Judge**

---

**No. E2000-02789-CCA-R3-CD**
**September 21, 2001**

---

In July 1999, the Defendant pled guilty to evading arrest and possession of marijuana, both Class A misdemeanors, and received concurrent sentences of eleven months and twenty-nine days supervised probation. In December 1999, the Defendant was indicted for assault and aggravated criminal trespass, both of which are also Class A misdemeanors. In January 2000, a violation of probation warrant was issued against the Defendant, alleging that he had violated his probation in the first two cases. In March 2000, the Defendant pled guilty to the assault and aggravated criminal trespass charges, and a combined sentencing hearing and probation violation hearing was held by the trial court. The trial court revoked the Defendant's probation in the first two cases and imposed concurrent sentences of eleven months and twenty-nine days incarceration. The court also imposed sentences of eleven months and twenty-nine days incarceration in the second two cases, to run concurrently with each other but consecutively to the sentences imposed in the first two cases. On appeal, the Defendant argues that the trial court erred in imposing sentences of incarceration in each case. Because our review of the record reveals that the sentences were proper, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Steve McEwen (on appeal), Mountain City, Tennessee; and Shawn Graham, Maryville, Tennessee; for the Appellant, Marvin W. Hill, Jr.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Bill Reed, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Defendant, Marvin W. Hill, Jr., was indicted in August 1996 by the Blount County Grand Jury for possession of marijuana and evading arrest, Class A misdemeanor offenses. In July 1999, the Defendant pled guilty to both offenses and received concurrent sentences of eleven months and twenty-nine days with immediate supervised probation. In December 1999, the Blount County Grand Jury indicted the Defendant for assault and aggravated criminal trespass, also Class A misdemeanor offenses. While these charges were pending disposition, a warrant was issued alleging that the Defendant was in violation of his probation on the first two cases. In March 2000, the Defendant entered guilty pleas to the assault and aggravated criminal trespass charges, with the trial court to determine the appropriate sentence at a sentencing hearing. The disposition of the pending warrant for violation of probation in the first two cases was also set for the same date.

At the sentencing hearing, the court heard the testimony of the victim of the assault and aggravated criminal trespass charges, as well as the testimony of the Defendant. The court ordered that the Defendant's probation in the first two cases be revoked and that he be required to serve the original sentences of eleven months and twenty-nine days. The trial court sentenced the Defendant to eleven months, twenty-nine days incarceration for the assault charge and eleven months, twenty-nine days for the aggravated criminal trespass charge. The assault and aggravated criminal trespass sentences were ordered to be served concurrently with each other, but consecutively to the first two sentences. The trial court imposed a seventy-five percent "minimum service prior to release" for the assault and aggravated criminal trespass charges.

**ANALYSIS**

On appeal, the Defendant concedes that the trial court did not abuse its discretion in revoking the Defendant's probation, but argues that the trial court improperly ordered the Defendant to serve his sentences in the county jail rather than on probation. More specifically, the Defendant argues that there is nothing in the record to indicate that the trial court considered the principles of sentencing or any enhancement or mitigating factors before sentencing the Defendant to the county jail.

Our analysis begins with well-settled principles that govern our review of a sentence determination imposed under the Criminal Sentencing Reform Act of 1989. In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served. Tenn. Code Ann. § 40-35-302(a). In this case, the trial court did so. Further, the sentence imposed must be specific and consistent with the purposes and principles of the Criminal Sentencing Reform Act of 1989. Id. § 40-35-302(b). A percentage of not greater than seventy-five percent of the sentence should be fixed for service, after which the Defendant becomes eligible for "work release, furlough, trusty status and related rehabilitative programs." Id. § 40-35-302(d).

The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). However, in determining the percentage of the sentence to be served in actual confinement, the court must consider enhancement and mitigating factors as well as the purposes and principles of the Criminal Sentencing Reform Act of 1989, and the court should not impose such percentages arbitrarily. Tenn. Code Ann. § 40-35-302(d).

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Id. § 40-35-401(d). The Tennessee Supreme Court has held that in misdemeanor sentencing a trial court is not required to place specific findings on the record. State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). A trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute. Id. at 274. Because this case involves misdemeanor sentencing rather than felony sentencing, a lack of findings by the trial court is no basis for holding the trial court in error. State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999). Additionally, although the trial court did not make findings relative to specific enhancement and mitigating factors, the presumption of correctness nevertheless applies in this case. Tenn. Code Ann. § 40-35-401(d).

After a careful review, we conclude that the sentences imposed by the trial court are supported by the appropriate principles of sentencing, enhancement factors, and the mitigating factors proposed by the Defendant. The Defendant has an extensive criminal history involving numerous convictions. See id. § 40-35-114(1). The convictions include both felonies and misdemeanors. The record also indicates that the Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. See id. § 40-35-114(8). Thus, the record supports the application of two enhancement factors.

As for mitigating factors, the Defendant alleges that he was suffering a "flashback" during the assault and the aggravated criminal trespass, and therefore, the offenses were committed under such unusual circumstances that it is unlikely that a substantial intent to violate the law motivated his conduct. See id. § 40-35-113(11). However, this mitigating factor is far outweighed by the two previously stated enhancement factors. Likewise, we are not persuaded that the jail time already

served by the Defendant on these charges, or to be served on unrelated federal charges, is an appropriate mitigating factor.

The Defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). Further, the burden is upon the defendant to demonstrate the impropriety of his sentence. State v. Grigsby, 957 S.W.2d 541, 544 (Tenn. Crim. App. 1997).

Sentences of confinement are justified in this case for several reasons. First, confinement is necessary to protect society from this Defendant who has a long history of criminal conduct. Tenn. Code Ann. § 40-35-103(1)(A). Next, the record indicates that measures less restrictive than confinement have frequently and recently been applied unsuccessfully to the Defendant. See id. § 40-35-103(1)(C). With regard to the Defendant's suitability for full probation, it is appropriate to consider the circumstances of the offense, the Defendant's potential or lack of potential for rehabilitation, whether full probation will unduly depreciate the seriousness of the offense, and whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes. See State v. Parker, 932 S.W.2d 945, 958 (Tenn. 1996). Denial of probation may be based solely upon the circumstances of the offense when they are of such a nature as to outweigh all other factors favoring probation. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In this case, the victim was taking a nap on her couch in her apartment when she was attacked and terrorized by the Defendant. The 911 tape exhibited at the sentencing hearing reveals the extent to which the victim was terrorized. Her testimony at the sentencing hearing indicates that she was still suffering from the injuries inflicted upon her by the Defendant. The Defendant's extensive prior criminal history indicates a lack of potential for rehabilitation. The Defendant has failed to meet his burden in establishing his suitability for full probation.

Accordingly, we AFFIRM the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

-4-