IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2002

**STATE OF TENNESSEE v. TONI YVONNE HUNT**

**Direct Appeal from the Circuit Court for Madison County**
**No. 01-372    Donald H. Allen, Judge**

---

**No. W2001-02654-CCA-R3-CD  - Filed October 28, 2002**

---

The defendant appeals her sentence of confinement after pleading guilty to theft under $500.00, a Class A misdemeanor, in violation of Tennessee Code Annotated section 39-14-103. The trial court sentenced the defendant to 11 months, 29 days at 75% release eligibility, with 150 days of shock incarceration. The defendant argues that the trial court erred in not granting her full probation. However, the defendant did not meet her burden necessary to prove the impropriety of her sentence. Our supreme court acknowledges that trial courts have more flexibility in misdemeanor sentencing than in felony sentencing. Given the defendant's prior criminal history and the flexibility granted to trial courts in misdemeanor sentencing, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Jeff Mueller, Jackson, Tennessee (at trial), and Marcus M. Reaves, Denmark, Tennessee (on appeal), for the appellant, Toni Yvonne Hunt.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun H. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Facts**

The defendant, Toni Yvonne Hunt, appeals her sentence of incarceration and the trial court's denial of full probation. The trial court sentenced the defendant to 11 months, 29 days and set the release eligibility date at 75%, with 150 days to be served in confinement and the remainder of the sentence served on probation. The defendant contends that the incarceration is excessive.

On January 4, 2001, Target department store security personnel observed the defendant switch merchandise tags on several clothing items to benefit from a lower sale price. The defendant gave the merchandise to her friend to purchase on her behalf. The defendant's friend was not charged. Store security personnel recovered the clothing and held the defendant until local police arrived to make an arrest. The defendant was later indicted for theft of property under $500.00, in violation of Tennessee Code Annotated section 39-14-103 (1997). The defendant entered an open plea of guilty preceding her sentencing hearing.

At the sentencing hearing, the trial court considered the presentence report, the circumstances surrounding the offense, and the defendant's testimony. The defendant testified regarding her criminal record as set forth in the presentence report. The presentence report reflected a long history of convictions for criminal trespass, shoplifting, assault, disorderly conduct, violation of the bad check law, minor traffic violations, and driving with a revoked license. The defendant attempted to explain her bad check conviction by testifying that her sister gained unauthorized access to her checking account. The defendant testified that she was convicted for criminal trespass and disorderly conduct in connection with her previous shoplifting charge at J. C. Penney's department store. Although she was ordered not to enter J. C. Penney's after her shoplifting conviction, the defendant stated that she was arrested for criminal trespass and disorderly conduct after entering the store. When asked on cross-examination if she thought she had a problem with shoplifting, the defendant stated she does not have a problem.

The defendant testified that she has a stable work history, as evidenced by her one-year employment at Shoe Carnival and seven years prior employment at Ryan's Steakhouse. The defendant stated that her annual salary prior to her arrest for this conviction was $33,000.00.

The defendant asked the trial court to consider her role as a single mother in determining her sentence. The defendant testified that she has sole custody of her seven-year-old son and receives no outside financial assistance for his care. The defendant also asked the court to consider that she is the legal guardian for her roommate's two children until her roommate returns from a drug rehabilitation program.

The trial court sentenced the defendant to 11 months, 29 days in the county jail and set her release eligibility at 75%. Said sentence was ordered to be served with 150 days confinement as shock incarceration and the balance on probation. During the 150 days in confinement, the trial court will consider the defendant for work release.

## II. Analysis

### A. Issue Presented

The sole issue in this appeal is whether the trial court erred by imposing incarceration. The defendant contends that she is entitled to full probation. We disagree and affirm the judgment of the trial court.

## B. Standard of Review

When an accused challenges the length, range or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with the presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. §§ 40-35-401(d), 40-35-402(d) (1997). If our review "reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result." State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

On appeal, the defendant has the burden of establishing that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments. To conclude whether the defendant has met her burden, this Court must consider the following: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e ) any statutory, mitigating and/or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann §§ 40-35-102, -103, and -210 (supp. 2001). We conclude that the defendant has not met her burden of establishing that her sentence is improper.

## C. Sentence

The defendant argues that her sentence is excessive and requests full probation. The Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101 (1997), et seq., requires three criteria of trial judges in sentencing misdemeanor offenders. First, trial courts must sentence misdemeanor offenders in accordance with the principles, purposes, and goals of the Sentencing Reform Act of 1989. Tenn. Code Ann. §§ 40-35-104(a) (1997), 40-35-117 (1997), 40-35-302 (supp.2001). Thus, the sentence must be within the penalty provided for the offense. Tenn. Code Ann. § 40-35-111(e)(1) (1997). Second, the trial court must either conduct a sentencing hearing or provide an opportunity for the parties to testify regarding the length and manner of service of the sentence. Tenn. Code Ann. § 40-35-302(a) (1997). Third, in addition to sentencing based on the principles, purposes, and goals of the Act, the trial court must set a release eligibility percentage which cannot exceed 75% of the imposed sentence. Tenn. Code Ann. § 40-35-302(d). The court can grant probation immediately or after a period of split or continuous confinement. Tenn. Code Ann. § 40- 35-302(e)(1).

Having concluded that a misdemeanor offender's sentence must be in accord with the Criminal Sentencing Reform Act of 1989, we turn to the relevant statutes and facts of this case. The trial court ordered the defendant to serve 150 days in confinement and the balance on probation.

Under Tennessee Code Annotated section 39-14-105(1) (1997), theft of property is graded as a Class A misdemeanor offense if the value of the property or services is $500.00 or less. According to Tennessee Code Annotated section 40-35-111(e), the authorized terms of imprisonment and fines for Class A misdemeanors are not to exceed 11 months, 29 days or fines not to exceed $2,500.00, or both, unless otherwise provided by statute. Tenn. Code Ann. § 40-35-111(e)(1). The trial court sentenced the defendant within the guidelines of the statute.

The trial court conducted a sentencing hearing and provided the defendant with the opportunity to testify regarding her sentence. The defendant argues that she should not serve her sentence in a correctional facility, but should be granted full probation. A defendant seeking full probation bears the burden on appeal of showing that the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). The trial court considered the defendant's extensive criminal history, which qualified as an enhancement factor in determining sentencing. The defendant testified that her annual salary is sufficient to provide for herself and her children, but offered the court no reason for shoplifting. The defendant has shown that she is employed and has children in her charge. However, this information is not enough to demonstrate the impropriety of her sentence.

The trial court sentenced the defendant to a determinate sentence within the guidelines of the relevant statutes and ordered 150 days of shock incarceration, due to her prior criminal history. The trial court presented the defendant with the possibility of work release subject to her immediate incarceration and counseling accompanying her probation. Our supreme court has noted that trial courts have more flexibility in misdemeanor sentencing than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). Given the flexibility traditionally granted to trial courts in misdemeanor sentencing and based upon the defendant's prior criminal history, we find no error in the sentence imposed.

### III.  Conclusion

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS,  JUDGE