# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 27, 2004

## STATE OF TENNESSEE v. CARL CREASON

### Direct Appeal from the Circuit Court for Bledsoe County
#### No. 73-2000      J. Curtis Smith, Judge

---

### No. E2003-02505-CCA-R3-CD - Filed August 10, 2004

---

A jury found the Defendant, Carl Creason, guilty of driving on a revoked driver's license. After conducting a sentencing hearing, the trial judge sentenced the Defendant to six months in the county jail. The Defendant appeals his sentence, arguing that the trial court erred by not allowing him to serve his sentence on probation. We affirm the judgment of the trial court, but remand for entry of a uniform judgment document.

#### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Remanded

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Edward L. Boring, Pikeville, Tennessee, for the appellant, Carl Creason.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; J. Michael Taylor, District Attorney General; and James W. Pope III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

We will first briefly summarize the facts presented at trial, in the light most favorable to the State. Officer Kenneth Pruitt testified that on September 28, 2000, he was employed as a police officer with the Pikeville Police Department. At about 11 p.m. on that date he was "running radar" and he observed an automobile going forty-nine miles-per-hour in a thirty miles-per-hour speed zone. He activated his emergency lights and observed the car swerving while the driver and the passenger in the vehicle were trying to exchange seats. They were unsuccessful in exchanging seats and they stopped the vehicle. After the vehicle stopped, the officer testified that he observed the passenger and the driver "swap seats." The officer testified that as he approached the vehicle, the female occupant, who was seated in the driver's seat, handed him her driver's license. The officer told the occupants that he needed to see the Defendant's driver's license because he was the one that had

been driving. He stated the Defendant at that time told him his license was suspended. The officer later determined that the Defendant's driver's license was "on revoked status." Records from the Tennessee Department of Safety reflecting that the Defendant's driver's license had been revoked were also introduced at trial.

The Defendant was subsequently indicted for driving while his driver's license was cancelled, suspended or revoked. See Tenn. Code Ann. § 55-50-504. Based on certain items which were found in the vehicle at the time he was stopped, the Defendant was also charged with felony possession of drug paraphernalia. See Tenn. Code Ann. § 39-17-425(b)(1). Following a jury trial, the Defendant was acquitted of felony possession of drug paraphernalia. The jury was unable to reach a verdict as to the lesser-included offense of misdemeanor possession of drug paraphernalia. See Tenn. Code Ann. § 39-17-425(a)(1). A mistrial was declared on that charge. The jury found the Defendant guilty of driving on a revoked license. A presentence report was prepared and a sentencing hearing was conducted, after which the trial judge sentenced the Defendant to six months in the county jail. It is from the sentence imposed by the trial court that the Defendant appeals, arguing that he should have been granted probation rather than being ordered to serve his sentence in confinement.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the parties with a reasonable opportunity to be heard as to the length and manner of service of the sentence. See Tenn. Code Ann. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. See id. § 40-35-302(e).

The sole issue presented on appeal is whether the trial judge erred by ordering that the Defendant serve his sentence in confinement. The Defendant first argues that the State did not overcome the statutory presumption that he is entitled to an alternative to incarceration. We must note that the statutory presumption of favorable candidacy for alternative sentencing set forth in Tennessee Code Annotated section 40-35-102(6) is not applicable to misdemeanors. See State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995). While the Defendant acknowledges that it is not his "first brush with the law," he argues that he has now "turned over a new leaf."

At the time of sentencing the Defendant was approximately forty years old. He has an eighth grade education. The presentence report does not reflect a steady work history. The Defendant has numerous health problems. He has a lengthy criminal history. His record of motor vehicle offenses

includes six convictions for driving on a revoked or suspended license and at least three convictions for DUI. In addition to other charges, he has been convicted of theft, joy riding, three counts of assault, possession of a firearm in a state park, reckless endangerment, public intoxication, forgery, and unlawful possession of a firearm. One of the assault convictions and one of the firearm convictions occurred after the date of the offense for which he was sentenced herein.

It is apparent that the trial court was not favorably impressed with the Defendant's criminal record. At sentencing, the trial judge stated:

> This is a man who has obvious physical problems and he has a terrible record. He's continued to break the law. . . . It's obvious that probation has not worked. Measures less restrictive than, you know, serving the time in the past. He's given probation on numerous occasions. . . . He has a long history of criminal conduct. I think society is entitled to have some protection from somebody such as Mr. Creason.

The Defendant argues that it is obvious that he has been successfully rehabilitated because at the time of sentencing, he had remained "trouble-free over the last year." We are unpersuaded. Because of the Defendant's numerous criminal convictions spanning virtually his entire adult life, we have no hesitancy in concluding that the trial judge neither erred nor abused his discretion by ordering that the Defendant's sentence be served in confinement.

We note that the record on appeal does not contain the uniform judgment document required by our sentencing law. See Tenn. Code Ann. § 40-35-209(f); see also Tenn. S. Ct. R. 17. The judgment entered in the trial court, as contained in the record, is not in the form required by Tennessee Supreme Court Rule 17. Upon remand, the trial court should enter the appropriate judgment form.

The judgment of the trial court is affirmed. This case is remanded for the purpose of entering a uniform judgment document.

_____
DAVID H. WELLES, JUDGE

-3-