IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. LESLIE CARL CLARK

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 246201     Douglas A. Meyer, Judge**

————————

**No. E2004-00858-CCA-R3-CD - Filed December 28, 2004**

————————

The Defendant, Leslie Carl Clark, pled guilty to driving on a revoked license, violation of the implied consent law and driving under the influence of an intoxicant. Sentencing was left to the discretion of the trial court. After a sentencing hearing, the trial court ordered the Defendant to serve eleven months and twenty-nine days for each offense, said sentences to be served concurrently in the local workhouse. It is from this order that the Defendant appeals. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Danny Hill, Chattanooga, Tennessee, for the appellant, Leslie Carl Clark.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The charges against the Defendant originate from an automobile accident in which a vehicle driven by the Defendant collided with another vehicle, causing serious injuries to the driver of the other vehicle. According to the driver of the other vehicle, the Defendant's vehicle crossed over into the lane of oncoming traffic and hit the other vehicle head-on. The Defendant refused to perform field sobriety tests and refused to submit to a blood-alcohol test. The Defendant's driver's license had been revoked. The driver of the other vehicle was hospitalized for about five days, and his

hospital bill totaled some $35,000.00. He missed about thirty days of work, with a loss of income of about $3,700.00.

At the Defendant's sentencing hearing, proof was introduced that the Defendant was belligerent and uncooperative at the scene of the accident. A paramedic testified that the Defendant tried to hit another paramedic with his fist. The Defendant testified at his sentencing hearing. He stated that he was in poor health, suffering from "advanced HIV disease," along with a bone disorder which had necessitated hip replacement surgery. He stated that he was going to have another hip replacement in the near future.

The State introduced proof that the Defendant had been convicted of DUI in 1983, in 1984, and two times in 1989. The Defendant admitted that he had been convicted of DUI four times previously, and he also admitted that one of his prior DUIs involved an accident in which someone was severely injured. The Defendant stated that he was sorry that he caused the accident that led to the charges against him and said, "I really have no defense for it."

Although a pre-sentence report was not prepared for the Defendant's sentencing, the Defendant did submit a sentencing memorandum which was considered by the trial court. It reflects that at the time of sentencing the Defendant was forty-one years old and a high school graduate. It appears that the Defendant had been regularly employed in the restaurant or food service business until approximately 2001, when he became disabled due to health problems. He has been diagnosed as HIV-positive, which has resulted in continuing health problems. According to the report, his health continues to deteriorate. The report states that the Defendant is unable to work and lives in an apartment which he shares with his mother.

At the conclusion of the sentencing hearing, the trial court imposed sentences of eleven months and twenty-nine days for each of the Defendant's Class A misdemeanor convictions, to be served concurrently. The trial court denied any form of alternative sentencing and ordered the Defendant to serve his sentences in the county workhouse. It is from the sentencing order of the trial court that the Defendant appeals, arguing that he should have been sentenced to "partial probation or alternative sentencing."

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the parties with a reasonable opportunity to be heard as to the length and manner

of service of the sentence. <u>See</u> Tenn. Code Ann. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. <u>See</u> <u>id.</u> § 40-35-302(e).

In ordering the Defendant's sentences to be served in confinement, the trial judge stated his concerns for the safety of the general public and stated, "[the Defendant] did have an experience before where he almost killed someone, and that's something I have to take into consideration."

Even though the Defendant has four prior DUI convictions, he is not considered a repeat or multiple offender because more than ten years have passed between his current conviction and his immediately preceding conviction. <u>See</u> Tenn. Code Ann. § 55-10-403(a)(3). Nevertheless, these prior convictions are certainly relevant to the Defendant's sentencing determination and were obviously considered by the trial court in deciding to deny an alternative sentencing option. At his sentencing hearing, the Defendant acknowledged under cross-examination that one of his prior DUIs had also resulted in an accident in which someone was almost killed.

The Defendant argues that the trial judge ignored evidence of the Defendant's efforts to rehabilitate himself. He also argues that his failing health militates in favor of partial probation. Based upon the Defendant's record of four prior DUIs, and the fact that this was the second DUI which resulted in an accident producing serious injuries, we conclude that the trial judge acted within his discretionary authority in denying the Defendant a sentencing alternative to incarceration. Accordingly, the judgments of the trial court are affirmed.

_____
DAVID H. WELLES, JUDGE