**STATE of Tennessee, Appellant,**

v.

**William C. SMITH, Jr., Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 19, 1989.

Permission to Appeal Denied by Supreme Court April 2, 1990.

Charles W. Burson, State Atty. Gen. & Reporter, C. Anthony Daughtrey, Asst. State Atty. Gen., Nashville, and Teresa Murray, Asst. Dist. Atty. Gen., Johnson City, for appellant.

Steven Oberman, Daniel and Oberman, Knoxville and Richard W. Pectol, Richard W. Pectol & Associates, Johnson City, for appellee.

## OPINION

BYERS, Judge.

This is an appeal by the state from the dismissal of an indictment by the trial court.

The judgment is reversed and the case is remanded for further proceedings.

On July 18, 1987, at 12:48 a.m. an officer observed a vehicle stopped on the emergency lane of a state highway. The motor was running and the lights were on. The officer had received a radio report an hour previously to be on the look out for this vehicle. (This record does not indicate the reason for the report).

The officer pulled his patrol car in behind the vehicle and approached the driver's side. He observed the defendant sitting under the steering wheel and a child of approximately nine to eleven years of age in the passenger side. The officer rapped on the window in an attempt to get the defendant's attention. When the defendant looked at him the officer requested the defendant roll down the window. The defendant did not do so. The officer then opened the door, placed the gear of the vehicle in park, and had the defendant get out of the vehicle. The officer testified the defendant had to hold on to the vehicle to support himself, and the officer testified he smelled a strong odor of alcohol.

The officer testified he pulled behind the vehicle because of the previous radio report but testified he would probably have pulled behind the vehicle if he had not received the report. He would have done this, he said, as a "citizen assist."

The trial judge dismissed the indictment in this case on the basis of an illegal arrest. The trial judge held the arrest was for a misdemeanor not committed in the officer's presence and the arrest without a warrant was unlawful.

The defendant relies primarily upon T.C.A. § 40–7–103 and *Sheldon v. State*, 3 Tenn.Cr.App. 310, 460 S.W.2d 869 (1970), to assert the warrantless arrest in this case was unlawful.

It is true an officer may not arrest a person on a charge of a misdemeanor without a warrant unless the offense was committed in the officer's presence. The question in this case becomes whether the arrest was unlawful and, if so, if dismissal of the indictment is the proper remedy.

In our view the arrest in this case was lawful and the dismissal of the indictment was erroneous.

Although the officer testified he was motivated to pull behind the vehicle because of a prior radio report, he further testified he would have probably stopped to assist if the driver were having difficulty.

We think it is entirely reasonable for the officer who observed this vehicle stopped in the emergency lane of a state highway with the lights on and motor running, to approach the vehicle. Even though the officer was primarily motivated by the radio report, if his actions were reasonable on other grounds, even if the reasons are not articulated by the officer, the stop would be legal. *See State v. Duer*, 616 S.W.2d 614 (Tenn.Cr.App.1981).

The defendant was at least publicly drunk, and the approach to him being lawful, the arrest, although for another offense, was proper.

Generally, an illegal arrest does not invalidate an indictment. Evidence seized as a result of an illegal arrest is suppressed. Raybin, 16.35 *Tennessee Criminal Practice and Procedure; Nelson v. State*, 4 Tenn.Cr.App. 228, 470 S.W.2d 32 (1971).

We find the dismissal of the indictment in this case was erroneous, not only because the arrest was lawful but because, even if it were not, the dismissal of the indictment for an alleged illegal arrest was an erroneous sanction.

This judgment is reversed and the case is remanded for further proceedings.

DUNCAN, P.J., and WADE, J., concur.