IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH SESSION, 1996

FILED

October 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9508-CC-00277 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | FRANKLIN COUNTY |
| VS. | ) | |
| | ) | HON. J. CURTIS SMITH |
| PATSY O. BAKER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal-Simple Possession of |
| | ) | Controlled Substance) |

FOR THE APPELLANT:

PHILIP A. CONDRA
District Public Defender
12th Judicial Distirct
P. O. Box 220
Jasper, TN  37347

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KAREN YACUZZO
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

J. MICHAEL TAYLOR
District Attorney General

STEVEN M. BLOUNT
Assistant District Attorney
1 South Jefferson St.
Winchester, TN  37398

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Patsy O. Baker appeals from a jury verdict rendered in the Franklin County Circuit Court finding her guilty of (1) simple possession of a Schedule VI controlled substance, (2) evading arrest, and (3) failure to stop at a stop sign. After a sentencing hearing, Appellant received the following respective sentences for the offenses listed above: (1) eleven months and nineteen days of probation to be effective after service of ten days in the Franklin County Jail, $250 fine, and 100 hours of community service on the conviction for simple possession; (2) a concurrent term of eleven months and twenty-nine days of probation on the conviction for evading arrest; and (3) thirty days of probation on the conviction for failure to stop at a stop sign. Appellant presents three issues for consideration on this direct appeal: (1) whether the trial court erred in overruling Appellant's motion to dismiss based on allegations of illegal seizure of Appellant without probable cause; (2) whether the trial court properly allowed a police officer to testify regarding the purposes of an affidavit of complaint; and (3) whether the trial court properly sentenced Appellant in compliance with Tennessee Code Annotated Section 40-35-101 et seq. After a review of the record, we affirm the conviction.

## I. FACTUAL BACKGROUND

The proof shows that on February 28, 1994, Appellant arrived at the Franklin County Jail for the purpose of visiting an inmate. A corrections officer then informed Appellant that she would be required to submit to a strip search before being allowed visitation. After Appellant requested an explanation, the

corrections officer stated that she had received information that Appellant would be bringing drugs to the jail. Appellant declined to be searched and walked briskly from the jail. Appellant then got into her van and began driving away. At this time, Officers Gregory Branch and Ron Gattis, Winchester police officers, arrived at the Franklin County Jail and were told that Appellant had declined to submit to a strip search. The two officers immediately returned to their patrol car to pursue Appellant.

After Appellant had failed to come to a complete stop at a stop sign, the officers began to use the blue lights and siren in an attempt to cause Appellant to pull over. Appellant then failed to stop at a second stop sign, made a righthand turn, and threw a ball-like object out of her passenger window as she made the turn. The officers finally stopped Appellant a block and a half after the second stop sign. Appellant was immediately placed under arrest. The ball-like object thrown from Appellant's window, and retrieved by Officer Gattis, was a condom containing a plastic bag with green plant material inside. Analysis of the contents of the plastic bag by the Tennessee Bureau of Investigation (TBI) crime lab in Chattanooga tested positive for marijuana with a total weight of 4.5 grams.

On July 6, 1994, a Franklin County grand jury issued a four-count indictment against Appellant for simple possession of a Schedule VI controlled substance in violation of Tennessee Code Annotated Section 39-17-418, possession of drug paraphernalia in violation of Tennessee Code Annotated Section 39-17-425, failure to stop at a stop sign in violation of Tennessee Code Annotated Section 55-8-149, and evading arrest in violation of Tennessee Code Annotated Section 39-16-603. On February 27, 1995, a Franklin County Circuit Court jury convicted Appellant of simple possession of a Schedule VI controlled substance, failure to stop at a stop sign, and evading arrest. The trial court held

a sentencing hearing immediately following the rendition of the verdict. Appellant was sentenced to eleven months and nineteen days of probation to be effective after service of ten days in the Franklin County Jail, $250 fine, and 100 hours of community service on the conviction for simple possession; a concurrent term of eleven months and twenty-nine days of probation on the conviction for evading arrest; and thirty days of probation on the conviction for failure to stop at a stop sign.

## II. ILLEGAL ARREST: MOTION TO DISMISS

Appellant's first contention on this direct appeal is that the trial court erred in overruling her motion to dismiss, which was based on Appellant's assertion that her arrest was pretextual and, therefore, illegal. This contention is without merit.

Appellant incorrectly asserts that because she was unlawfully arrested, then the trial court should have granted her motion to dismiss the indictment. However, dismissal of the indictment is not, under these circumstances, the proper remedy for an allegedly unlawful arrest. See State v. Smith, 787 S.W.2d 34, 35 (Tenn. Crim. App. 1989). In State v. Smith, this Court held that the remedy for an illegal arrest typically is not dismissal of the indictment but that evidence seized as the result of an illegal arrest should be suppressed. 787 S.W.2d 35.

Thus, the proper inquiry is whether the marijuana thrown from Appellant's van should be suppressed as the product of an illegal stop or arrest. Appellant asserts that Officers Branch and Gattis possessed an "illegitimate motivation" to stop her in that the officers had made the decision to arrest Appellant while still

at the Franklin County Jail. We must therefore address whether a pretextual stop by police mandates suppression of contraband discovered as a result of the stop.

The Fourth Amendment guarantees that the people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." The Fourth Amendment further requires that all warrants must issue based upon probable cause. U.S. Const. Amend. 4. However, the courts have recognized certain exceptions to the warrant requirement. Though no warrant is required in order for officers to stop an automobile, "An automobile stop is. . . subject to the constitutional imperative that it not be `unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, ___ U.S. ___, 116 S.Ct. 1769, 1772, 135 L.Ed. 2d 89 (1996). In Whren, Justice Scalia, writing for the Court, explained that the Constitution strictly forbids selective enforcement of any of its provisions based upon impermissible considerations, such as race. Id. at 1774. However, the Court further stated that the subjective motivations of the individual officer do not invalidate the officer's conduct so long as that conduct is objectively justified. Id. (citing Scott v. United States, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978)). "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Whren, 116 S. Ct. at 1774.

Under the federal Constitution and United States Supreme Court decisions construing the Fourth Amendment, the subjective motivations of Officers Branch and Gattis did not invalidate the arrest of Appellant. Officers Branch and Gattis followed Appellant and plainly saw her fail to stop at two stop signs. Thus, the

officers had probable cause to believe that a misdemeanor had been committed--failing to stop at two stop signs--and that Appellant had committed it.

We next address the issue of whether the Tennessee Constitution affords any greater protection in the context of a pretextual stop to an individual under arrest than does the federal Constitution. Article I Section 7 provides:

> That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offenses are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.

Under prior Tennessee case law, the inquiry into whether or not a particular stop was pretextual focused upon the individual state of mind and motivations of the police officer and required the Court to decide whether the officer *would* have made the seizure even absent the illegitimate motivation. State of Tennessee v. Sidney Williams, Ivory D. Jones, and Roy Kittles, C.C.A. No. 173 1, 8 (Tenn. Crim. App. at Knoxville, April 30, 1991). However, this line of cases was predicated upon an apparent misinterpretation of federal constitutional law. More recent cases of this Court have concluded that the analysis enunciated in Whren is the appropriate framework for considering pretextual stops under the Tennessee Constitution. See, e.g., State v. Davey Joe Vineyard and Jimmy Lee Cockburn, C.C.A. No. 03C01-9502-CR-00052 & No. 03C01-9502-CR-00053 (Tenn. Crim. App. July 18, 1996), perm. to appeal granted, 03SO1-9612-CR-00120 (December 9, 1996). In Vineyard, we abandoned the subjective inquiry into the police officer's individual state of mind and, instead, adopted Whren's objective analysis as the appropriate framework under which to evaluate allegations of pretextual stops. Id. at 5. Although the Tennessee Supreme Court

has granted permission to appeal in the Vineyard case, to date, it is this Court's belief that the state constitution affords no more extensive protection in the context of a pretextual stop than does the federal Constitution.

Finally, it appears that suppression of evidence is not warranted since Appellant abandoned the condom containing marijuana when she threw it out her passenger window. In California v. Hodari D., the United States Supreme Court addressed the question of "whether, at the time he dropped the drugs, Hodari had been `seized' within the meaning of the Fourth Amendment." 499 U.S. 621, 111 S.Ct. 1547, 1549, 113 L.Ed.2d 690 (1991). Justice Scalia, speaking for the Court, concluded that the cocaine abandoned by the accused while running from police officers "was not the fruit of a seizure" and that the accused's motion to suppress the cocaine was, therefore, properly denied. 111 S.Ct. at 1552 (1991).

The facts of the case sub judice are analogous to those of Hodari. Appellant had not yet been seized within the meaning of the Fourth Amendment at the time that she cast the marijuana out the window of her van. Rather, she had abandoned the property and, therefore, had no reasonable expectation of privacy with respect to it. See Bolen v. State, 544 S.W.2d 918, 920 (Tenn. Crim. App. 1976) (indicating that an individual does not have a reasonable expectation of privacy in abandoned property).We, therefore, conclude that the trial court properly denied Appellant's motion to dismiss the indictment and correctly admitted the marijuana into evidence against Appellant.

### III. OFFICER'S TESTIMONY REGARDING AFFIDAVIT OF COMPLAINT

Appellant's second contention is that the trial court erred in permitting Officer Branch to testify on redirect concerning the limited purposes for which an affidavit of complaint is prepared. We disagree.

Though the Tennessee Rules of Evidence are wholly silent as to the scope of redirect examination of a witness, Tennessee law is well-settled that redirect examination can broach topics raised on cross-examination even though those matters were not inquired into on direct examination. NEIL P. COHEN, ET AL., TENNESSEE LAW OF EVIDENCE § 611.5 2nd ed. (1990). Indeed, in Austin v. City of Memphis, the court explained, "One of the legitimate purposes of redirect examination is to clear up confusion of the witness, and redirect examination rests largely in the discretion of the trial judge." 684 S.W.2d 624 (Tenn. Ct. App 1984) (citing Yellow Bus Line v. Brenner, 213 S.W.2d 626, 632 (Tenn. Ct. App. 1948)).

During cross-examination, Appellant's attorney propounded a series of questions to Officer Branch regarding the officer's sworn affidavit of complaint. One such question posed to Officer Branch by Appellant's counsel was why Officer Branch would not have desired to include as many details as possible in the affidavit. The Assistant District Attorney General then objected to this line of questioning and correctly contended that an affidavit of complaint need only establish probable cause to justify the issuance of the arrest warrant and is not required to include every detail of information in the possession of the police. Appellant's counsel then questioned the accuracy of Officer Branch's use of the word "patrol" in the affidavit to describe the officer's actions at the time when the officer first saw Appellant. On redirect examination, the court permitted Officer

Branch to respond to the State's questions regarding his understanding of the limited purpose of an affidavit of complaint.

This line of questioning was proper to afford Officer Branch an opportunity to explain the reason for his brevity in the affidavit, to which Appellant's counsel referred during cross-examination. The trial court, therefore, did not err in permitting the State to engage in this line of questioning.

## IV. SENTENCING

Appellant's final contention on this direct appeal is that the trial court failed to comply with the provisions of Tennessee Code Ann. §§ 40-35-101 et seq. Specifically, Appellant asserts that because the trial court neglected to make any of the findings required by Tenn. Code Ann. § 40-35-103, the imposition of ten days of incarceration did not comply with the Criminal Sentencing Reform Act of 1989. In support of this assertion, Appellant argues that she is a favorable candidate for probation because she was convicted of three misdemeanors and because she is a first-time offender. When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim.

App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

A misdemeanant is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829 (Tenn. Crim. App. 1994). Further, misdemeanor sentences do not contain ranges of punishments, and a misdemeanor defendant may be sentenced to the maximum term provided for the offense as long as the sentence imposed is consistent with the purposes of the sentencing act. State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). Our statutory system pertaining to misdemeanor sentencing is designed to provide trial courts with continuing jurisdiction and a great deal of flexibility. State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995).

A criminal defendant seeking full probation bears the burden on appeal of showing the sentence actually imposed is improper, and that full probation will be in both the best interest of the defendant and the public. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995). Although not controlling of the discretion of the sentencing court, the following factors should be considered in determining the appropriateness of probation:

(1)  The nature and characteristics of the crime, under Tenn. Code Ann. § 40-35-210(b)(4) (Supp. 1996);

(2)  the defendant's potential for rehabilitation, under Tenn. Code Ann. § 40-35-103(5) (1990);

(3) whether full probation would "unduly depreciate the seriousness of the offense," under Tenn. Code Ann. § 40-35-103(1)(B) (1990); and

(4)  whether a sentence of full probation would "provide an effective deterrent," under Tenn. Code Ann. § 40-35-103(1)(B) (1990).

Although, the trial judge in the instant case failed to state on the record his reasons for ordering incarceration for ten (10) days as the result of the drug possession charge, we find such a short incarcerative period to be reasonable given the fact that Appellant apparently possessed marijuana in an aborted attempt to smuggle it into the Franklin County Jail. Given the seriousness of the problem of drugs in correctional facilities, we find a denial of full probation to be appropriate.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE


_____
WILLIAM S. RUSSELL, SPECIAL JUDGE