IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## STATE OF TENNESSEE v. RICKY RAY HUMPHREY

**Appeal from the Criminal Court for Campbell County**
**No. 10513     E. Shayne Sexton, Judge**

---

**No. E2001-00512-CCA-R3-CD**
**August 20, 2002**

---

On October 19, 2000, the Defendant entered "best interest" guilty pleas to two counts of child abuse and neglect and three counts of indecent exposure. Pursuant to his plea agreement, the Defendant received five sentences of 11 months and 29 days to be served at 75%. The plea agreement apparently contemplated a hearing to determine the manner of service of the sentence. Following a hearing, the trial court ordered the Defendant to serve a split sentence on the first count with three months to be served on county work release and the balance of the sentence to be served on supervised probation. The court ordered each of the remaining sentences to be served on probation and consecutive to the split sentence, for an effective sentence of five years. It is from this order the Defendant now appeals as of right. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Timothy P. Webb, Jacksboro, Tennessee, for the appellant, Ricky Ray Humphrey.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, Assistant Attorney General; William Paul Phillips, District Attorney General; and Michael Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Ricky Ray Humphrey, entered "best interest" guilty pleas to two counts of child abuse and neglect, class A misdemeanors, and three counts of indecent exposure, also class A misdemeanors. In accordance with the plea agreement, the trial court sentenced the Defendant to five consecutive sentences of 11 months and 29 days at 75%. Whether the sentences were to be served in confinement or on probation was to be decided by the trial court. The first sentence was ordered served in split confinement, with the first three months to be served on county work release and the balance of the sentence to be served on supervised probation. Each of the remaining four

consecutive sentences was to be served on probation as well. The Defendant raises one issue in this direct appeal: whether the trial court erred by not properly considering any enhancing or mitigating factors while deciding the manner of service of the Defendant's sentence. The Defendant asks this Court to vacate the sentencing order and remand to the trial court for resentencing or, in the alternative, order that the Defendant be placed on probation for the length of his sentence. We decline in both respects.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. See Tenn. Code Ann. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. See id. § 40-35-302(e).

Unlike the felony sentencing statute, the misdemeanor sentencing statute "merely requires a trial judge to consider enhancement and mitigating factors when calculating the percentage of a misdemeanor sentence to be served in confinement." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). Trial courts are not required to place findings of enhancement and mitigating factors in the record when conducting misdemeanor sentencing. See State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999) (citing Troutman, 979 S.W.2d at 274 (Tenn. 1998)). Therefore, our concern in reviewing misdemeanor sentencing is whether the trial court considered the enhancing and mitigating factors and did not act arbitrarily.

The Defendant argues that without explicit reference to enhancing and mitigating factors and sentencing principles in the record, the judgment is arbitrary per se. We disagree. This Court has held that even where "the defendant is correct that the trial court did not make explicit findings of enhancement and mitigating factors . . . [t]he lack of findings is no basis for holding the trial court in error." Russell, 10 S.W.3d at 278. Therefore, even if the trial court did not refer to or mention sentencing principles or enhancing and mitigating factors when determining misdemeanor sentencing, there is no reversible error so long as the trial court considered said factors.

In this case, the trial court chose to hold a separate sentencing hearing. At that hearing, the court heard testimony from the Defendant and one of the victims in the case. The court also heard argument from both the Defendant and the State regarding sentencing. The record on appeal contains little information concerning the facts underlying the convictions. Apparently, the Defendant on numerous occasions exposed himself to young female victims while they were visitors

in his home.  Prior to the hearing, the court reviewed two victim impact statements and the Defendant's pre-sentence report.

The court, in denying the Defendant full probation, said, with regard to the Defendant's attitude, "Some of your answers on the stand were very flippant as if you didn't understand the consequences, significance of what has happened here."  The court went on to say,

> . . . I hope during the nights that you spend here [sleeping at the jail, though on work release] that something will come over you.  I really don't think it has yet.  I mean, I don't think, based on your testimony today, that you understand the pain that you have caused some of these people.  I don't think you have.  I hope you do.

Based on the testimony of one of the victims that she had been seeking counseling and psychiatric care, the court said, "I think Ms. Cooper has obviously been traumatized."  The court, explaining its role in the sentencing process, said, "The Courts don't fix these types of things.  Courts try to make amends and show punishment when they need to and show leniency when they need to."  After discussing its belief that the Defendant was not taking responsibility for his actions, the court stated, "And you think you're over it.  I hope you are.  These types of offenses generally don't go away that quick.  I mean, you need to have some continued care.  I hope you make it."  Regarding the nature of the Defendant's three months' incarceration, the court said, "I am not opposed to you getting work release . . . .  I don't want your family to suffer monetarily if we can help it."  At the close of the hearing the trial judge sentenced the Defendant to five consecutive sentences of 11 months and 29 days at 75% with the Defendant to serve the first three months of the first sentence on work release.

We find that there is sufficient evidence in the record to indicate that the trial court did consider sentencing principles and enhancing and mitigating factors in determining the manner of service of the Defendant's sentence.  The trial court did not act arbitrarily, but gave specific reasons for its decision based on the evidence.  We conclude that the trial judge acted within his discretionary authority.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE