IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 7, 2007

STATE OF TENNESSEE v. LORENZO "BUSTER" WOODS

Appeal from the Circuit Court for Madison County
No. 06-148     Donald H. Allen, Judge

No. W2006-02493-CCA-R3-CD  - Filed September 18, 2007

The defendant, Lorenzo "Buster" Woods, pled guilty to one count of assault, a Class A misdemeanor, and received a sentence of eleven months and twenty-nine days suspended upon the service of six months in the local jail.  On appeal, he argues that the trial court erred in denying him full probation.  Following our review, we affirm the judgment of the trial court, but we remand the case for entry of a corrected judgment reflecting misdemeanor community corrections supervision for five months and twenty-nine days.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed; Case is Remanded for Entry of Corrected Judgment**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Comer L. Donnell, District Public Defender; and Gregory D. Gookin, Assistant Public Defender, attorneys for appellant, Lorenzo "Buster" Woods.

Robert E. Cooper, Jr., Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; James G. Woodall, District Attorney General; Alfred Earls and Shaun A. Brown, Assistant District Attorneys General, attorneys for appellee, State of Tennessee.

**OPINION**

The defendant was indicted for attempted rape related to events involving C.S., a fifteen-year-old family friend.  Following his guilty plea to assault, a sentencing hearing was held where the trial court heard the testimony of the defendant's sister, Selena Newsome, and the victim.  The state relied upon the presentence report at sentencing.  Newsome testified that the defendant had tried to maintain steady employment since his release from prison several years ago, but that obtaining

employment was sometimes difficult with a felony conviction. She stated that he supports his children. She also reported that the defendant had complied with his pretrial condition of staying away from the victim. She stated that, although both families had attended an event together since the defendant's arrest for this offense, the defendant left upon the victim's arrival at the family get-together.

C.S. testified that she felt that probation was an appropriate sentence for the defendant. Regarding the offense, she stated that the defendant was at her house watching a movie with her brother. She said that the defendant sent her brother on an errand. She testified that while her brother was gone, the defendant attempted to come into her bedroom, push her down and "tried to take off [her] clothes and stuff and he was touching [her]." The victim reported that she tried to fight the defendant and that the defendant stopped when two of her brothers returned home. She was scared so she did not tell her brothers, but she later reported the incident to her mother.

At the sentencing hearing, the defendant argued that he should receive probation so that he could continue to support his children. Although not employed at the time of the sentencing hearing due to his reported stress related to the prosecution of this case, the defendant indicated a desire to obtain employment and stated that he presently had some applications pending at various employers in town.

In arriving at the sentence, the trial court noted that the defendant had been convicted of two counts of aggravated robbery and felony failure to appear in 1994, and that he had received an effective sentence of ten years in the penitentiary. The trial court also noted that the defendant had "worked for most of the last several years" since his release from the penitentiary. Further, the trial court took into consideration the defendant's desire to support his children and be part of their lives, as well as the victim's expressed desire that the defendant receive probation. The court then imposed a sentence of eleven months and twenty-nine days suspended upon the completion of six months in the local jail. The trial court also left open the possibility that the defendant could participate in "some type of work release because, obviously, I would like to see [the defendant] continue working so he could support his children."

On appeal, the defendant contends that the trial court erred in imposing a sentence involving mandatory confinement and that he should have received a community corrections sentence. The state contends that the trial court considered the appropriate sentencing factors and did not abuse its discretion in denying full probation.

ANALYSIS

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker,

966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). In misdemeanor sentencing, the trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. See id. at (e). A defendant convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

The record reflects that the trial court gave ample consideration to the purposes and principles of our sentencing act in determining that the defendant should be sentenced to a term of eleven months and twenty-nine days suspended to probation after the service of six months in the local jail. However, the judgment further reflects that the defendant will be supervised by community corrections for an additional period of five years and twenty-nine months. It appears that this is a clerical error and that trial court instead intended for the supervision to extend five months and twenty-nine days following the service of the six month jail sentence. Therefore, the case is remanded to the trial court for the correction of judgment to reflect a misdemeanor community corrections supervision of five months and twenty-nine days.

CONCLUSION

The judgment of the trial court is affirmed, but the case is remanded for the correction of judgment to reflect misdemeanor community corrections supervision for five months and twenty-nine days.

_____
D. KELLY THOMAS, JR., JUDGE