# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
October 3, 2007 Session

## STATE OF TENNESSEE v. JOHN KENNETH HAYES

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7927    Joseph H. Walker, III, Judge**

---

**No. W2006-02505-CCA-R3-CD  - Filed December 10, 2007**

---

The defendant, John Kenneth Hayes, was convicted of theft of property over $10,000, a Class C felony, and sentenced as a Range I, standard offender to four years in the Department of Correction. On appeal, he argues that the trial court erred in ordering that he serve 120 days in confinement prior to being placed on community corrections. Following our review, we affirm the judgment of the trial court but remand for entry of a corrected judgment to reflect the community corrections service of the defendant's sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgment**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

David M. Livingston, Brownsville, Tennessee, for the appellant, John Kenneth Hayes.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Julie K. Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

According to the affidavit of complaint filed by Special Agent Donna Turner of the Tennessee Bureau of Investigation ("TBI"), the facts surrounding the defendant's conviction are as follows:

On 18 July 2005 Special Agent Donna Turner of Tennessee Bureau of Investigation was contacted by Cole Huffman of Cole's Do-It-Best Center located at 309 Highway

51 North in Ripley, Tennessee. Mr. Huffman stated that three units of lumber was being loaded by employees at the direction of employee Kenny Hayes [the defendant]. The lumber had not been paid for by the driver identified as Johnny Carroll according to Cole's records. SA Donna Turner followed the load of lumber to 1126 Carmack Road in Ripley, Tennessee. Johnny Carroll confirmed he purchased the lumber from [the defendant] at Cole's for $2100.00 cash. [The defendant] was later interviewed by SA Donna Turner. [The defendant] admitted to taking the cash for the lumber on 18 July 2005 and also on a load the week prior (July 11-15). The total value of the lumber is $10,058.38. [The defendant] admitted to pocketing the cash from Johnny Carroll. SA Donna Turner recovered the lumber sold by [the defendant] both times to Johnny Carroll. The lumber recovered was 4 units of 2x6x14, 4 units of studs, and one unit of 2x4x18 boards. This incident did occur in Ripley, Lauderdale County, Tennessee.

On October 6, 2006, the defendant pled guilty to theft of property over $10,000 in exchange for a four-year sentence, with the trial court to determine the manner of service. At the November 3, 2006, sentencing hearing, Charles Edward Cole, the owner of Cole Lumber Company, testified that the defendant was employed as the yard manager of the branch store in Lauderdale County. Cole said that he had "put a lot of confidence" in the defendant when he hired him and was very disappointed to learn that the defendant had stolen from him. Cole said that the defendant had apologized for what he did.

Marshall Cole Huffman, the general manager of Cole's Do It Best Center, testified that the defendant supervised the lumber yard and contractors. After noticing that money was missing from the company, Huffman "started trying to track everything [and] looked at every financial situation . . . from merchandise to payroll . . . to figure out where . . . the bleeding was, basically." Huffman said that the TBI subsequently conducted an investigation and that Carroll, the codefendant, informed the TBI of the location of the stolen lumber. According to Huffman, the defendant tried to "cover up" his actions by printing a ticket showing a false sale for the lumber. As to the defendant's showing any remorse, Huffman said, "[R]emorse to me would involve cooperation, and to my knowledge [there] has been zero cooperation with the investigations that are going on now." On cross-examination, Huffman acknowledged that the defendant had given a statement admitting his guilt.

The forty-seven-year-old defendant testified that he was currently employed as a farm hand and that his health problems consisted of "some heart trouble" for which he had received medical treatment. Asked how his actions had impacted his life, the defendant replied, "Just ashamed of it, ashamed of what I've done for my family and what I've done for the Cole family. If I could turn time back, I would, but I can't." On cross-examination, the defendant admitted that he sold the lumber to Carroll for $2100 cash and that he kept the cash. Asked if he created a "fake" invoice for the lumber sale, the defendant said, "I think so."

## ANALYSIS

The defendant's sole issue on appeal is whether the trial court erred in ordering him to serve 120 days in confinement prior to being placed on community corrections. Specifically, he argues that "sentencing to community based alternative is in lieu of incarceration in a state penitentiary or local workhouse."

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2006). The party challenging the sentences imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

A defendant is eligible for probation where the sentence received by the defendant is ten years or less, subject to some statutory exclusions not applicable here. See Tenn. Code Ann. § 40-35-303(a) (2006). Although full probation must be automatically considered by the trial court as a sentencing alternative whenever the defendant is eligible, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Cmts.; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). On appeal, a defendant seeking full probation bears the burden of showing that the sentence imposed is improper and that probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

At the conclusion of the sentencing hearing, the trial court granted the defendant's request for alternative sentencing. In determining that the defendant should serve 120 days of his four-year sentence in confinement followed by community corrections, the trial court found that the defendant had one prior theft conviction "years ago"[1] and that employee theft was "a rising problem and a serious event." The court also noted that if the defendant successfully completed the requirements of alternative sentencing, "he can be transferred at a later time to supervised probation."

---

[1] The defendant's presentence report reflects that he was convicted of theft under $500 in 1994 in Haywood County.

A trial court may base a sentence of confinement on any of the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C) (2006).

As we have set out , the defendant argues that a sentence to community corrections is in lieu of incarceration. Therefore, in his view, he could not lawfully be sentenced to a period of incarceration prior to entering the community corrections program. However, such a sentencing plan is allowed by Tennessee law, as explained in State v. Franklin D. Brooks, No. M2003-00896-CCA-R3-CD, 2004 WL 2185963, at *4 (Tenn. Crim. App. Sept. 23, 2004):

Where appropriate, a defendant may be given as much as one year of "shock" confinement as a condition of a community corrections sentence. See State v. Jimmy D. Johnson, No. 03C01-9602-CC-00062, 1997 Tenn. Crim. App. LEXIS 1037, (Tenn. Crim. App. at Knoxville, October 16, 1997), no perm. to app. filed. However, in such cases, the period of confinement may not exceed one year. State v. Tim Mattingly, No. M2002-02765-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 754, (Tenn. Crim. App. at Nashville, September 2, 2003), no perm. to app. filed.

The defendant does not otherwise claim that the trial court did not following the sentencing principles and consider the evidence and other information before sentencing the defendant. It is clear from the record on appeal that this was the case. Accordingly, we conclude that the defendant was properly sentenced.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court but remand for entry of a corrected judgment to reflect the community corrections service of the defendant's sentence.

_____
ALAN E. GLENN, JUDGE