IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 1, 2008

## STATE OF TENNESSEE v. GUY LOUIS SHAW

**Direct Appeal from the Circuit Court for Madison County**
No. 07-411    Donald H. Allen, Judge

No. W2007-02427-CCA-R3-CD  - Filed August 29, 2008

The defendant, Guy Louis Shaw, pleaded guilty to one count of driving on a revoked license (fourth offense), violation of the financial responsibility law, and violation of the motor vehicle light law. Subsequently, he was ordered to serve a sentence of eleven months, twenty-nine days in jail for his conviction for driving on a revoked license. It is this sentence from which the defendant appeals. On appeal, the defendant argues that he should have been sentenced to probation rather than incarceration. Following our review of the record and the parties' briefs, we affirm the trial court's sentencing decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Guy Louis Shaw.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Jerry Woodall, District Attorney General; and Anna Banks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

On September 7, 2007, the defendant pleaded guilty to one count of driving on a revoked license (fourth offense), a Class A misdemeanor; violation of the financial responsibility law, a Class C misdemeanor; and violation of the motor vehicle light law, a Class C misdemeanor. The facts giving rise to these convictions were recited by the state at the guilty plea hearing as follows:

> In 07-411, the State would show at trial that on or about November 18, 2006, Officer Hart with the Jackson Police Department, who is here today, observed the defendant. She was traveling behind the defendant and observed that he had no taillights and it

was 2:00 in the morning. She stopped [the defendant]. He could not provide proof of insurance and upon running a license check, it was revealed that he was driving on a revoked license for prior D.U.I. which was in 1988 and had three priors [for driving on a revoked or suspended license] in 2002, 1990 and 1988.

At the sentencing hearing, the pre-sentence investigative report was entered into evidence as an exhibit. The defendant did not testify or present evidence at the hearing. In imposing confinement, the trial court found that the defendant had an extensive history of criminal conduct. The court found the defendant had six prior felony convictions and at least sixteen prior misdemeanor convictions. The court also found that the defendant had committed some of the prior offenses while he was on probation for other offenses. The court took into consideration that many of the defendant's convictions were old, dating back ten or more years. However, the court noted that the defendant had an outstanding warrant active on September 17th for failure to appear in court regarding another charge of driving on a revoked license. The court then stated the following:

> Now, based upon this criminal record, the Court finds that [the defendant] is not an appropriate candidate for probation. He has demonstrated on multiple occasions while on probation that he could not follow the rules that he would simply go out and commit new offenses while already on probation. Based upon that history, the Court finds that he is not a good candidate for probation so he will be ordered to serve all of these sentences in the local county jail or workhouse.

> I am going to run these sentences concurrent. He'll have a total effective sentence of 11 months and 29 days to serve at 75 percent release eligibility.

The defendant appealed the court's sentence of incarceration.

## ANALYSIS

The defendant's sole issue on appeal is whether the trial court erred in denying probation, a sentencing alternative, and imposing incarceration on his misdemeanor sentence. When a defendant challenges the length and manner of service of a sentence, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. *Id.* § 40-35-401, Sentencing Commission Comments. We will uphold the sentence imposed by the trial court if: (1) the sentence complies with our sentencing statutes, and (2) the trial court's findings are adequately supported by the record. *See State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001); *see also* Tenn. Code Ann. § 40-35-210.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides, in part, that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *See* Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. *See State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). A defendant is eligible for probation if the actual sentence imposed is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. *See* Tenn. Code Ann. § 40-35-303(a). However, the defendant bears the burden of proving suitability for probation. Tenn. Code Ann. § 40-35-303(b). Among the factors applicable to a probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interests of the defendant and the public. *See State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

Guidance as to whether the trial court should grant alternative sentencing or incarcerate is found in Tenn. Code Ann. § 40-35-103. Sentences involving confinement should be based upon the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or;

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. . . .

Tenn. Code Ann. § 40-35-103. As part of its determination, the trial court may also consider the defendant's potential or lack of potential for rehabilitation. *Id*. § 40-35-103(5). There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. *Id*. § 40-35-103(2); *State v. Boggs*, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996).

While many of the defendant's prior criminal convictions are over fifteen years old, the defendant's pre-sentence report reflects that he committed several offenses including shoplifting, theft of property, criminal trespassing, public intoxication, possession of cocaine with intent to sell, DUI, aggravated assault, and various traffic offenses. The offense most recently committed was theft of property (up to $500) in 2002 for which the defendant received a probated sentence. It also appears from the pre-sentence report that the defendant committed a number of offenses while he was serving probationary sentences. In contrast, the defendant presented no evidence at the sentencing hearing regarding his suitability for probation. Given that the defendant's sentence complies with our sentencing statutes, and the court's findings are adequately supported by the record, we discern no abuse of discretion in the court's sentence of incarceration. Accordingly, the defendant is without relief as to this issue.

## CONCLUSION

In accordance with the aforementioned reasoning and authorities, we affirm the judgment of the trial court.

_____

J.C. McLIN, JUDGE