# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
November 23, 2010 Session

## STATE OF TENNESSEE v. BENJAMIN RANDOLPH HUBARD

### Appeal from the Criminal Court for Sevier County
### No. AP-09-025    Rex Henry Ogle, Judge

_____

### No. E2010-00999-CCA-R3-CD - Filed March 3, 2011

_____

The Defendant, Benjamin Randolph Hubard, pled guilty to driving under the influence (DUI), first offense, a Class A misdemeanor, and violation of the implied consent law. The trial court merged the convictions and sentenced the Defendant to 11 months and 29 days with 100 percent service of his sentence. The trial court also ordered the Defendant to pay a $350 fine, complete DUI school, and to perform 24 hours of community service in the form of litter removal. In this appeal as of right, the Defendant contends (1) that the trial court erred in setting the length of his sentence and (2) that the trial court erred in ordering the additional penalties. Following our review, we conclude that the trial court erred in ordering the Defendant to complete DUI school and to perform 24 hours of community service. The judgment of the trial court is affirmed in part and reversed in part. The case is remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed in Part; Reversed in Part; Case Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES, and JAMES CURWOOD WITT, JR., JJ., joined.

Benjamin S. Burton, Sevierville, Tennessee, for the appellant, Benjamin Randolph Hubard.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James B. Dunn, District Attorney General; and Gregory C. Eshbaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant originally pled guilty to DUI, first offense and violation of the implied consent law in the Sevier County General Sessions Court and received a sentence of 11

months and 29 days with 120 days to serve. The Defendant appealed that sentence to the Sevier County Circuit Court, where he again pled guilty to DUI, first offense and violation of the implied consent law. The State submitted that had this case gone to trial, the State would have proven that on May 26, 2009, the Defendant was found sitting in his vehicle with his keys in the ignition when he dropped an alcoholic beverage out of the vehicle's open door. The State also submitted that while the Defendant had been charged with DUI, first offense, the Defendant had two prior DUI convictions - one in 2002 and one in 2004 - and had been declared a motor vehicle habitual offender (MVHO). The State admitted that the MVHO conviction had not been sent to the Tennessee Department of Safety at the time of sentencing but that it planned on submitting the documentation after the hearing.

The Defendant's mother testified that the Defendant cared for her and her sister. She stated that the Defendant drove them places and that he was supposed to drive her to her doctor's appointment that afternoon. She stated that the Defendant had spent approximately six weeks in a halfway house in Oak Ridge; that he had stayed for one night at a rehabilitation center in Cocke County; and that he had attempted to procure employment. The Defendant testified that he had contacted the Tennessee Department of Safety about his MVHO conviction and was told that his license was valid. The Defendant submitted that the court should consider his long work history, his attempts at rehabilitation, and the fact that there was no bodily injury as a result of the offense as mitigating factors when sentencing him.

After considering the evidence submitted at the hearing, the trial court ordered the Defendant to serve 11 months and 29 days and set the percentage of service at 100 percent. The trial court also revoked the Defendant's license for one year and ordered the Defendant to pay a $350 fine, complete DUI repeat offender school, and perform 24 hours of community service in the litter pickup program. In so ordering, the trial court admitted that the Defendant had "accomplished some good things in [his] life" but found that the Defendant had repeatedly violated the conditions of his prior MVHO conviction by continuing to drive and that the Defendant had an "extensive record." See Tenn. Code Ann. § 40-35-114(1). The trial court also found that the Defendant's testimony about the MVHO conviction was not credible.

ANALYSIS

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273

(Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). In misdemeanor sentencing, the trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. See Tenn. Code Ann. § 40-35-302(e)(1)-(2). The trial court is required to set a percentage of the sentence that the defendant must serve before becoming eligible for certain release programs. Tenn. Code Ann. § 40-35-302(d). Such percentage must not be more than 75 percent. Id. However, in cases where a defendant is convicted of a DUI, the trial court may set the percentage of service at 100 percent. State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995) (stating that the trial court may order a defendant to serve the entirety of his sentence if the resulting sentence comports with the principles and purposes of the sentencing act).

Appellate review of misdemeanor sentencing is de novo with a presumption of correctness even if the trial court failed to make specific findings on the record. Troutman, 979 S.W.2d at 274. In sentencing a defendant, the "trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of misdemeanor sentencing." Id.

## I. Length of sentence

The Defendant contends that the trial court improperly ordered him to serve the entirety of his sentence because the trial court erroneously considered an enhancement factor, his MVHO conviction, and failed to consider his proposed mitigating factors. The State responds that the trial court considered the necessary factors and principles when sentencing the Defendant. The State further responds that the Defendant has failed to prove that his sentence was excessive given his previous DUI convictions, his status as an MVHO, his drinking problem, and his refusal to stop driving.

The record reflects that the trial court gave ample consideration to the purposes and principles of the sentencing act in determining the Defendant's sentence and that the trial court considered all of the proposed mitigating and enhancement factors. The trial court gave great weight to the Defendant's prior convictions and repeated refusal to comply with the conditions of his MVHO status. Because the presentence report was not included in the record on appeal, we presume the trial court's application of the prior convictions and criminal behavior enhancement factor was supported by sufficient evidence. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Following our review, we conclude that the record supports the trial court's sentencing decision. Accordingly, we also conclude that because the resulting sentence comports with the principles and purposes of the sentencing act, the trial court did not err in setting the percentage of service or the length of the Defendant's sentence.

## II. Additional Penalties

The Defendant contends that the trial court's imposition of the fine, DUI school, and community service was improper when he received the maximum penalty for his convictions; he claims the remaining penalties were in excess of the statutory maximum penalty allowed. The State responds that Tennessee Code Annotated sections 55-10-403(a)(1)(A)(i) and (c)(1)(A)(i) mandate a fine of at least $350 and completion of DUI school. The State also responds that the Defendant has failed to prove that he is incapable of completing the ordered 24 hours of litter pickup.

The Defendant was convicted of DUI, first offense and sentenced pursuant to Tennessee Code Annotated section 55-10-403. The statute states, in pertinent part, that those convicted of DUI, first offense shall "be fined not less than three hundred fifty dollars ($350) nor more than one thousand five hundred dollars ($1,500)." Tenn. Code Ann. § 55-10-403 (a)(1)(A)(i). Thus, the trial court's imposition of a $350 fine was proper in this case.

As to the trial court's ordering the Defendant to complete DUI school, Tennessee Code Annotated section 55-10-403(c)(1)(A)(i) mandates the completion of DUI school as a condition of probation. However, the Defendant was ordered to serve the entirety of his sentence; thus, he will never be released to probation. Because the Defendant pled guilty to DUI, first offense, the trial court was also not authorized to order the completion of a "court approved alcohol or drug treatment program" pursuant to Tennessee Code Annotated section 55-10-403(a)(1)(A)(iv). Accordingly, we conclude that the trial court erred in ordering the Defendant to complete DUI school.

Similarly, the trial court's ordering the Defendant to complete 24 hours of community service in the form of litter removal was improper. We acknowledge that in addition to the service of the sentence prescribed by the trial court and the imposition of a fine, the court may also order a defendant to "remove litter from the state highway system, public playgrounds, public parks or other appropriate locations for any prescribed period." Tenn. Code Ann. § 55-10-403(a)(1)(A)(vii). However, imposition of this additional penalty is only warranted after the Defendant has served the minimum of his sentence "day for day." Tenn. Code Ann. § 55-10-403(a)(1)(A)(vii). While litter removal is an appropriate condition of probation pursuant to Tennessee Code Annotated section 55-10-403(s), the Defendant will not be released to probation because he was ordered to serve the entirety of his sentence. Accordingly, we also conclude that the trial court erred in ordering the Defendant to complete 24 hours of community service in the form of litter removal.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed in part and reversed in part. The case is remanded for the trial court to redact the portion of the judgment ordering the Defendant to complete DUI school and to perform 24 hours of community service. Additionally, the trial court is directed to correct the judgment form, which incorrectly reflects that the Defendant received an alternative sentence of 11 months and 29 days of probation.

_____
D. KELLY THOMAS, JR., JUDGE