IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2021

**LARRY PITTMAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-19-105     Kyle Atkins, Judge**

---

**No. W2021-00491-CCA-R3-ECN**

---

The petitioner, Larry Pittman, appeals the dismissal of his petition for writ of error coram nobis, arguing entitlement to coram nobis relief on the ground that newly discovered evidence supported his claim that the warrant issued for his arrest was defective. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

John D. Hamilton, Assistant District Public Defender, for the appellant, Larry Pittman.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2006, a Madison County Circuit Court jury convicted the petitioner of one count of especially aggravated kidnapping, one count of aggravated robbery, and one count of conspiracy to commit aggravated robbery, and the trial court imposed consecutive sentences of 38, 19, and 9 years, respectively. *State v. Larry Carnell Pittman*, No. W2007-00589-CCA-R3-CD, 2009 WL 1025870, at *1 (Tenn. Crim. App., Jackson, Apr. 7, 2009). This court affirmed the convictions and accompanying sentences on direct appeal. *See id.* This court also affirmed the denial of the petitioner's 2011 petition for post-conviction relief. *See Larry C. Pittman v. State*, No. W2011-02024-CCA-R3-PC, 2012 WL 1656770, at *4 (Tenn. Crim. App., Jackson, May 10, 2012).

On April 8, 2019, the petitioner filed a petition for writ of error coram nobis, which petition alleged that newly discovered evidence in the form of a newspaper article supported his claim that the original warrant for his arrest was defective. The article, a portion of which was appended to and filed with the petition for writ of error coram nobis, details a federal lawsuit alleging that "the City of Jackson and Jackson city officials failed to properly handle and maintain arrest warrants, violating the constitutional rights of defendants." The State moved to dismiss the petition, arguing that it was untimely and that it failed to state a cognizable claim for coram nobis relief. The trial court appointed counsel and held an evidentiary hearing on the petition in April 2021.

At the evidentiary hearing, the petitioner asserted that he first received a copy of the arrest warrant in 2012 and that, upon examining the affidavit of complaint and warrant, he concluded that the warrant was defective because it was not signed by the officer who actually arrested him. He stated that the officer who signed the warrant "committed perjury because he don't know nothing about the case." The petitioner said that his case should be dismissed because he had been arrested without a valid warrant. The petitioner asked the trial court to take "judicial notice of the fact that the City of Jackson has been sued over these so-called defective warrants." The court agreed to take judicial notice of that fact but agreed with the State that there was no evidence that the warrant in the petitioner's case was among those being challenged.

During cross-examination, the petitioner admitted that he had challenged the warrant in his petition for post-conviction relief. The petitioner acknowledged that he was arrested without a warrant after he was discovered a short distance from the location of the robbery within a short time of the robbery with a large amount of cash on his person. The warrant for his arrest was issued after he was apprehended.

At the conclusion of the hearing, the trial court dismissed the petition for writ of error coram nobis, finding that the newspaper article did not constitute newly discovered evidence, that the petitioner had not presented any proof that the warrant in his particular case was actually defective, and that, even if the petitioner could establish that the warrant was defective, the petitioner's indictment would have cured any defect.

In this appeal, the petitioner reiterates his claim that newly discovered evidence supports his assertion that the arrest warrant in his case was defective. The State asserts that the petitioner has failed to present a claim that would entitle him to coram nobis relief.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Coram nobis relief is provided for in criminal cases by statute:

-2-

The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2006); *see State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different" (citation omitted)). The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories but may be based upon any "newly discovered evidence relating to matters which were litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. T.C.A. § 40-36-105(b).

The statute of limitations for filing a petition for writ of error coram nobis is one year. *See* T.C.A. § 27-7-103; *Mixon*, 983 S.W.2d at 670. "To accommodate due process concerns, the one-year statute of limitations may be tolled if a petition for a writ of error coram nobis seeks relief based upon new evidence of actual innocence discovered after expiration of the limitations period." *Nunley v. State*, 552 S.W.3d 800, 828-29 (Tenn. 2018) (citations omitted). The petition must establish on its face either the timeliness of the petition or must "set forth with particularity facts demonstrating that the prisoner is entitled to equitable tolling of the statute of limitations." *Id.* at 829.

Although the decision to grant or deny coram nobis relief rests within the sound discretion of the trial court, *see Vasques*, 221 S.W.3d at 527-28, "[w]hether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness," *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010).

The petition for writ of error coram nobis, filed more than a decade after the petitioner's convictions became final, was untimely and did not contain any facts to support an equitable tolling of the limitations period. Additionally, the petitioner testified that he became aware of the alleged defects in the warrant as early as 2012 and that he had, in fact,

challenged the efficacy of the warrant in his petition for post-conviction relief. He claimed that he filed his petition for writ of error coram nobis after reading the newspaper article. The article cannot provide a basis for equitable tolling in this case, however, because it does not indicate that the alleged problems with the warrant procedure in the City of Jackson affected the petitioner's case. Indeed, the petitioner presented no proof that the warrant in his case was among those flagged as problematic.

Perhaps more importantly, even if the petitioner could establish both that he is entitled to an equitable tolling of the coram nobis statute of limitations and that the arrest warrant was defective, he still would not be entitled to the relief he desires. "[T]he law is settled in this State that there is no constitutional immunity from an unlawful arrest," *Nelson v. State*, 470 S.W.2d 32, 33 (Tenn. Crim. App. 1971), and the only "remedy in the criminal justice arena for an illegal arrest is suppression of any evidence obtained as a direct or indirect result of the arrest," *State v. Baker*, 966 S.W.2d 429, 432 (Tenn. Crim. App. 1997). The petitioner did, in fact, move to suppress the evidence discovered during his warrantless arrest. The trial court refused to suppress any of the evidence, and this court affirmed the denial of the motion to suppress on direct appeal. *Larry Carnell Pittman*, 2009 WL 1025870, at *14. The only other potential effect occasioned by a defective arrest warrant involves the timeliness of the prosecution. Here, the petitioner does not argue that the State did not timely prosecute the case, and the record indicates that the petitioner was arrested in November 2005 and indicted in February 2006, well within the statute of limitations for commencing a felony prosecution. *See* T.C.A. § 40-2-101.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CUROOD WITT, JR., JUDGE