# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 27, 2011

## STATE OF TENNESSEE v. BRANDON RYAN WESTON

**Direct Appeal from the Circuit Court for Hawkins County**
**No. 08CR365, 10CR505, 10CR506     John F. Dugger, Jr., Judge**

---

**No. E2011-00001-CCA-R3-CD - Filed October 21, 2011**

---

The defendant, Brandon Ryan Weston, pleaded guilty to two counts of burglary of an automobile, Class E felonies, and to two counts of theft of property over $1,000, Class D felonies. The trial court sentenced the defendant as a Range I, standard offender, to an effective sentence of two years and one day in the Tennessee Department of Correction. The trial court ordered the defendant to serve his sentences consecutively to his sentences in case number 08CR365 and Hamblen County case number 08CR437. The trial court also revoked the defendant's probation in case numbers 08CR365 and 08CR437. On appeal, the defendant argues that the trial court erred by denying alternative sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. J.C. MCLIN, J., not participating.[1]

James F. Taylor, Rogersville, Tennessee, for the appellant, Brandon Ryan Weston.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Alex Pearson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
**Background**

---

[1]The Honorable J.C. McLin died September 3, 2011, and did not participate in this opinion. We acknowledge his faithful service to this Court.

On December 8, 2008, a Hawkins County grand jury indicted the defendant on four counts of burglary of an automobile, Class E felonies, and one count of theft of property over $1,000, a Class D felony. The trial court sentenced the defendant as a Range I, standard offender, to an effective sentence of two years and one day in the Tennessee Department of Correction. The Board of Probation and Parole released him on probation on December 29, 2009. The probation order included Hamblen County case number 08CR437 and stated that probation would expire on October 7, 2011.

On July 29, 2010, the Board of Probation and Parole issued a probation violation report. The trial court revoked the defendant's probation on August 30, 2010, and reinstated his sentences. The same day, the trial court released the defendant on probation with an expiration date of August 30, 2013.

On August 31, 2010, Detective Clifton Evans of the Hawkins County Sheriff's Office issued two affidavits of complaint against the defendant. The first affidavit alleged that the defendant and his accomplices burglarized three trucks on June 5, 2010, and took or damaged property valued at $3,338.54. The second affidavit alleged that the defendant and his accomplices burglarized a truck and took items valued at $3,450.

On October 11, 2010, the Board of Probation and Parole issued a probation violation report. The report alleged that the defendant admitted to using morphine, failed to pay all fees and fines, and failed to provide proof of performing community service work.

On December 15, 2010, the district attorney general indicted the defendant by information in case number 10CR505 on one count of burglary of an automobile, a Class E felony, and one count of theft of property over $1,000, a Class D felony for the offenses alleged to have occurred on May 27, 2010. On the same date, the district attorney general indicted the defendant by information in case number 10CR506 with one count of burglary of an automobile, a Class E felony, and one count of theft of property over $1,000, a Class D felony.

At the plea acceptance hearing on December 15, 2010, the defendant testified that he understood that pleading guilty in case numbers 10CR505 and 10CR506 would violate his probation in case numbers 08CR365 and 08CR437. Based on that admission, the trial court revoked his probation in 08CR365. The defendant waived venue and allowed the trial court to revoke his probation in 08CR437, which was a Hamblen County case. The trial court reinstated his sentences in 08CR365 and 08CR437, which combined to an effective sentence of three years and one day. The defendant testified that he understood that he was pleading guilty to the charges as stated in the criminal informations for case numbers 10CR505 and 10CR506. The defendant waived a formal presentation of the evidence. The trial court

found the defendant guilty of two counts of burglary of an automobile, Class E felonies, and two counts of theft of property over $1,000, Class D felonies. In case number 10CR505, the trial court sentenced the defendant as a Range I, standard offender, to one year in the Tennessee Department of Correction for the burglary conviction to be served concurrently with two years and one day for the theft conviction. The trial court imposed an identical sentence for case number 10CR506 and ordered the sentences for 10CR505 and 10CR506 to run concurrently with each other but consecutively to 08CR365 and 08CR437.

**Analysis**

On appeal, the defendant argues that the trial court erred by denying the defendant's request for alternative sentencing. In his brief, the defendant notes that he has a drug addiction, that he previously failed to complete rehabilitation, and that the offense dates for the charges in 10CR505 and 10CR506 were well before the first probation violation report filed in case numbers 08CR365 and 08CR437, which did not mention the new offenses. He does not explain why those facts would support the imposition of alternative sentencing. Furthermore, the defendant does not argue that the trial court erred in revoking his probation in 08CR365 and 08CR437.

An appellate court's review of a challenged sentence is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The Sentencing Commission Comments to this section of the statute indicate that the defendant bears the burden of establishing that the sentence is improper. When the trial court follows the statutory sentencing procedure and gives due consideration to the factors and principles relevant to sentencing, this court may not disturb the sentence. *See State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008).

A defendant is eligible for probation if the sentence received by the defendant is ten years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). A defendant with a total effective sentence in excess of ten years is eligible for probation if the individual sentences imposed for the convictions fall within the applicable probation eligibility requirements. *See State v. Langston*, 708 S.W.2d 830, 832-33 (Tenn. 1986). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear,* 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Boyd*, 925 S.W.2d 237,

244 (Tenn. Crim. App. 1995); *see also Stiller v. State,* 516 S.W.2d 617, 620 (Tenn. 1974). The trial court should also consider the principles of sentencing outlined in Tennessee Code Annotated section 40-35-103, including the defendant's potential for rehabilitation. The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. *State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103. Finally, when a sentence involves confinement, the court should consider the following:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

*Id.*

Here, the defendant was eligible for probation. The trial court, however, denied him probation based upon the fact that he committed these offenses while he was serving probation for other offenses. The only evidence the Defendant submitted in favor of alternative sentencing was that he committed the offenses in 10CR505 and 10CR506 before his first reported probation violation. After committing the offenses charged in 10CR505 and 10CR506, he twice violated probation without any reference to the new offenses. The defendant admits that he failed to complete drug rehabilitation in the past and that he committed the offenses in 10CR505 and 10CR506 while on probation. Clearly, measures less restrictive than confinement have recently been unsuccessfully applied to the defendant, and he has displayed a lack of potential for rehabilitation. Therefore, we conclude that the trial court properly denied alternative sentencing in this case.

**Conclusion**

Based on the foregoing reasons, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

-4-